UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| WESTECH AEROSOL CORPORATION, | CASE NO. C17-5088-RBL |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| WILSONART LLC, | DKT. #24 |
| Defendant. | |

THIS MATTER is before the Court on Defendant Wilsonart LLC's Second Motion to Dismiss [Dkt. #24] Plaintiff Westech Aerosol Corporation's Complaint.[1] Westech alleges Wilsonart infringed its patent for a spray adhesive stored in a canister and applied with a spray gun. Wilsonart argues Westech has pled no facts showing direct infringement, and so it asks the Court to dismiss Westech's complaint under Federal Civil Rule 12(b)(6) without leave to amend. Westech argues Wilsonart's real issue is with the merits of Westech's claims, which the Court cannot resolve on a motion for dismissal. It asks that if the Court concludes it must plead with more specificity, that it receive leave to amend.

---

[1] Westech also sued ITW Polymers Sealants North America Inc. for patent infringement. *See* Case No. 3:17-cv-5068-RBL. Wilsonart and ITW are represented by the same counsel, and each brought a motion to dismiss Westech's claims. The order in this case and in that one are substantially similar.

**DISCUSSION**

Westech claims Wilsonart infringed its patent for an "Aerosol Adhesive and Canister-Based Aerosol Adhesive System," U.S. Patent No. 7,705,056. Its system includes "a gas cylinder canister, a hose, a spray gun, a hydrocarbon propellant, and an aerosol adhesive comprising a solvent mixture selected to have volatility characteristics for producing a specific spray pattern, a polymeric base in said solvent mixture, and a compressed gas dissolved in the solvent mixture." Dkt. #23 (Amended Complaint) at 3 (describing "claim one"). Westech alleges Wilsonart's 730/731 Adhesive infringes claim one of Patent '056 because it is also an aerosol adhesive canister system designed to spray an aerosol adhesive from the canister through a hose and spray gun. *See id.* at 4. More specifically, it "includes a canister containing a hydrocarbon propellant and an aerosol adhesive comprising a solvent mixture selected to have volatility characteristics for producing a specific spray pattern, a polymeric base in said solvent mixture, and a compressed gas dissolved in the solvent mixture." *Id*. at 4.

Wilsonart argues Westech's complaint cannot satisfy the new pleading standard for patent infringement claims because it neglects describing the 730/731 Adhesive's features. It suggests Westech omits these descriptions because it knows Wilsonart's product does not infringe Westech's patent, and allowing Westech's meritless claims to advance would expose Wilsonart to billions of dollars of discovery costs. It also argues that because Westech cannot sustain a direct infringement claim, its claims for contributory, induced, and willful infringement also fail.

Westech argues its complaint satisfies the Federal Rules' pleading requirements because it puts Wilsonart on notice that the 730/731 Adhesive infringes claim one of Patent '056. It argues any additional and more specific facts are in Wilsonart's sole control. It asks the Court to

leave resolution of the merits for summary judgment, and if it decides against Westech, to grant it leave to amend.

**A.     Standard of Review.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the Court may deny leave to amend. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**B.  Direct Infringement Claim.**

Wilsonart argues Westech must plead facts describing the 730/731 Adhesive's features, and if Westech pled those facts, it would become obvious to the Court that Wilsonart did not infringe on Westech's patent. For example, Wilsonart alleges the 730/731 Adhesive's solvent is methyl acetate, which is not a solvent mixture but a single solvent, and its compressed gas is nitrogen, but nitrogen does not dissolve in methyl acetate as Patent '056 requires.

Westech argues it need plead nothing more than the name of the accused product and the allegedly infringed patent claim number, but that it has gone beyond that requirement by "expressly stating that each separate limitation of the asserted claim can be found in the accused product." Dkt. #26 (Response) at 5. Westech also disputes Wilsonart's contentions that it does not use a solvent mixture and that nitrogen cannot be a compressed gas dissolved in that mixture.

To state a claim for direct patent infringement, a plaintiff must allege that the defendant, "without authority[,] makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a); *see also Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) (citing *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990), *cert. denied*, 493 U.S. 1076 (1990)). "To prove infringement, the patentee must show that an accused product embodies all limitations of the claim either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013). "[T]o properly plead direct infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim." *Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016).

Westech pleads Wilsonart's 730/731 Adhesive infringes each limitation of claim one of Patent '056. Patent '056 protects a system where a gas cylinder canister shoots out an aerosol

adhesive using a hose, spray gun, and hydrocarbon propellant. The adhesive comprises a compressed gas dissolved in a solvent mixture with a polymeric base. Westech alleges the 730/731 Adhesive is a canister that uses a hose, spray gun, and hydrocarbon propellant to shoot an aerosol adhesive. The adhesive comprises a solvent mixture with a polymeric base in which a compressed gas is dissolved. Westech also pleads facts alleging Wilsonart knew of this alleged infringement. Westech's complaint sufficiently puts Wilsonart on notice of how, and where, it claims the 730/731 Adhesive infringes its patent. It has stated a plausible claim for direct infringement.

Wilsonart objects to the veracity of Westech's claims, and suggests it will lose billions performing needless discovery if the Court allows Westech's claims to advance. In effect, it attempts to use its trade secrets as a sword and to force Westech to provide more specificity in its complaint than its patent. Westech disagrees with Wilsonart's position that it does not use a solvent mixture and that nitrogen cannot be a compressed gas dissolved in Wilsonart's solvent mixture. The Court cannot decide whether the 730/731 Adhesive infringes Patent '056 on a motion to dismiss. If Wilsonart does not use a solvent mixture with a compressed gas dissolved in it, Wilsonart must supply the Court with supporting evidence—evidence in Wilsonart's possession only, and that if it exists, would not require much discovery to produce.

**C. Willful, Induced, and Contributory Infringement Claims.**

Wilsonart argues that because Westech's claim for direct infringement fails, its other claims fail too. Westech sufficiently pled direct infringement, so on this ground, Wilsonart's argument fails, and Westech's claims for willful, induced, and contributory infringement survive.

**CONCLUSION**

Westech's complaint sufficiently puts Wilsonart on notice of the claims against it. Wilsonart's Motion to Dismiss [Dkt. #24] is DENIED.

IT IS SO ORDERED.

Dated this 20th day of June, 2017.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge